# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN PERRY, *et al*.,<br><br>    Plaintiffs,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., *et al*.,<br><br>    Defendants. | Case No. 2:13-cv-00433-LDG (CWH)<br><br>**ORDER** |
| JUNQIAN CARROL, *et al.,*<br><br>    Plaintiffs,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., *et al.,*<br><br>    Defendants. | Case No. 2:13-cv-00498-LDG (CWH) |
| GARY SANTI, *et al.,*<br><br>    Plaintiffs,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., *et al.*<br><br>    Defendants. | Case No. 2:13-cv-00502-LDG (CWH) |

The plaintiffs and the defendants in the above-captioned actions filed a stipulation, in each of the respective dockets, agreeing, *inter alia,* to the consolidation of the actions. The first of the actions to be filed, the *Perry* action, was assigned to the undersigned. At the time the stipulation was filed, the later-filed cases (the *Carroll* and the *Santi* actions) were assigned to judges other than the undersigned. The parties did not expressly move to have the assignment of the later-filed actions transferred to the undersigned for consideration of the motion to consolidate, though such transfer has now occurred. In reviewing the dockets of all three matters, the Court notes that, before all matters were transferred to the undersigned, a copy of the parties' stipulation in one of the actions was signed and improvidently docketed in all three actions as an Order granting consolidation. Accordingly, to ensure the administrative integrity of the docket in each of the cases, and to establish that these matters are properly consolidated, and to establish that the *Perry* action is the base file of the consolidated actions and is the base file in which the parties are to file the consolidated complaint, therefore

THE COURT **ORDERS** that the Clerk of the Court shall strike, as signed and improvidently docketed, the Order docketed at #13 in 2:13-cv-00433-LDG (CWH);

THE COURT FURTHER **ORDERS** that the Clerk of the Court shall strike, as signed and improvidently docketed, the Order docketed at #11 in 2:13-cv-00498-LDG (CWH);

THE COURT FURTHER **ORDERS** that the Clerk of the Court shall strike, as signed and improvidently docketed, the Order docketed at #11 in 2:13-cv-00502-LDG (CWH);

THE COURT FURTHER **ORDERS** that the following actions are consolidated for all purposes, including but not limited to, discovery, pretrial proceedings and trial proceedings, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure:

| Case Name | Case Number | Date Filed |
| --- | --- | --- |

| | | |
|---|---|---|
| *Perry v. Spectrum Pharms., Inc.* | 2:13-cv-00433-LDG (CWH) | March 14, 2013 |
| *Carroll v. Spectrum Pharms., Inc.* | 2:13-cv-00498-LDG (CWH) | March 22, 2013 |
| *Santi v. Spectrum Pharms., Inc.* | 2:13-cv-00502-LDG (CWH) | March 22, 2013 |

THE COURT FURTHER **ORDERS** that 2:13-cv-00433-LDG (CWH) is designated, as the earliest-filed action, as the base file.  Hereinafter all pleadings, motions and other documents of the above-identified consolidated actions shall bear only the title and case number of 2:13-cv-00433-LDG (CWH), with the words "(Base File)" under the case number in the caption.  All pleadings, motions, and other documents of the above-identified consolidated actions shall be filed and docketed only in the base file.

THE COURT FURTHER **ORDERS** that the parties in the consolidated actions shall promptly notify the Court of any other actions filed subsequent to March 14, 2013, involving similar parties and claims, to permit appropriate consideration whether transfer to the undersigned and consolidation with the Base File is appropriate.

THE COURT FURTHER **ORDERS** that defendants shall not be required to, and shall not waive any rights, arguments or defenses by waiting to answer, move or otherwise respond to the complaints filed in any of the above-identified consolidated actions until after the appointment of a lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B) and after the filing by such lead plaintiff of a consolidated complaint.

THE COURT FURTHER **ORDERS** that the lead plaintiff shall file a consolidated complaint in the Base File no later than 60 days after entry of an order appointing lead plaintiff pursuant to §21D(a)(3)(B), 15 U.S.C. §78u-4 of the Exchange Act.

THE COURT FURTHER **ORDERS** that the time for defendants to answer, move or otherwise respond to the consolidated complaint shall be 60 days from filing of such lead plaintiff's consolidated complaint.

1 THE COURT FURTHER **ORDERS** that, in the event the defendants file, or a defendant files, a motion to dismiss the consolidated complaint, the lead plaintiff shall have 60 days from filing of such motion in which to file papers in opposition to the motion. The defendants (or the moving defendant) shall have 30 days from the filing of the lead plaintiff's opposition papers in which to file reply papers.

DATED this \_\_7\_\_ day of May, 2013.

_____
Lloyd D. George
United States District Judge

4